# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM R. JEWETT, JR. | ) |
| | ) |
|   Petitioner, | ) |
| | )   CIVIL ACTION 11-00525-KD-N |
| v. | )   CIVIL ACTION 11-00526-KD-N |
| | )   CRIMINAL ACTION 09-00076-KD-N |
| | )   CRIMINAL ACTION 10-00019-KD-N |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|   Respondent. | ) |

## ORDER

This action is before the Court on the Report and Recommendation of the Magistrate Judge and the objections filed by the United States and Petitioner William R. Jewett, Jr.[1] (Docs. 97, 101, Criminal Action No. 09-00076-KD-N; Docs. 43, 44, 46, Criminal Action 10-00019-KD-N). After due and proper consideration of all pleadings in this file, and a *de novo* determination of those portions of the recommendation to which objections are made, Sections I, II and III (found on pages 2 through 16) of the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) are adopted as the opinion of this Court. Accordingly, Petitioner's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 are denied to the extent that the motions are based upon Grounds 2 and 3 and his motions for a certificate of appealability are denied as to Grounds 2 and 3.

In regard to Ground 1 (Section IV), the Magistrate Judge's Recommendations in Subsections A and B (found on pages 16 through 31), are adopted as the opinion of this Court.

---

[1] Petitioner's *pro se* objections (doc. 98, Criminal Action No. 09-00076-KD-N; doc. 48,

Sections C and D and the remainder of the Recommendation are STRICKEN, and the opinion of the Court is as follows:

C. *Strickland's*[2] Prejudice Prong

Having reviewed the record and considered the mistakes made by the undersigned, the United States and defense counsel, it is the opinion of this Court that defense counsel was the least culpable. It was defense counsel who brought the issue to the table and proffered the facts that should have resulted in the 1991 conviction not adding points to the criminal history. At that point, it was the United States' burden to rebut the objection with record evidence of when the period of incarceration ended. The United States did not do this and the Court did not require it.

The undersigned then compounded the error. The undersigned erroneously concluded that whether Petitioner was incarcerated or serving probation during the five-year sentence, the conviction would be included in his criminal history calculation. ("What we need to do is find out when the end of sentence was there, including any probationary time.") Thus, it is clear from the record that defense counsel's failure to obtain the end of incarceration date did not have any significant effect on the outcome. Accordingly, it cannot be said that counsel's failure to obtain records resulted in prejudice to the Petitioner.[3]

---

[2] *Strickland v. Washington,* 466 U.S. 668 (1984).

[3] Petitioner's guideline calculation was based on a total offense level of 26 and a criminal history category III, resulting in a guideline range of 78-97. The undersigned continued its pattern of erroneous calculations (this time in Petitioner's favor) and, in attempting to divide 78 months between the two counts of conviction, erroneously sentenced Petitioner to 38 months on each count for a total of 76 months. Having announced the sentence before the error was discovered, the Court honored the pronouncement but noted in the statement of reasons (doc. 74, p. 4) the erroneous variance.

Moreover, the Court certainly cannot say that "no competent counsel would have taken the action" that Mr. Stankoski took. Mr. Stankoski made a concerted effort to obtain the necessary records. A mistake does not equal incompetency. In fact it should be noted that with all the resources at hand, neither the U.S. Probation Office (after an investigation of Petitioner's criminal history in which it requested relevant documentation) nor the United States Attorney's office obtained the document at issue. Thus, the Court finds that habeas relief on this claim is DENIED.

D. Certificate of Appealability (Ground 1)

Petitioner is not entitled to a certificate of appealability as to Ground 1. Petitioner may appeal the denial of a § 2255 motion, if the court of appeals or the district court issues a certificate of appealability. Pursuant to 28 U.S.C. § 2243(c)(2), a certificate of appealability may issue if the petitioner "has made a substantial showing of the denial of a constitutional right." *See Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000) ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented adequate to deserve encouragement to proceed further.") (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983) (internal quotation marks omitted). However, the misapplication of a sentencing guideline provision generally does not result in a constitutional claim that would be cognizable under § 2255. *Gilbert v. United States*, 640 F.3d 1293, 1321-1322 (11th Cir. 2011) ("Gilbert's claim that a sentencing guidelines provision was misapplied to him is not a constitutional claim. If it were, every guidelines error would be a constitutional violation.");

3

*Ayuso v. United States*, 361 Fed. Appx. 988, 991-992 (11th Cir. 2010) (finding Ayuso's claim that the "district court erred in assessing a criminal history point for his state court petty larceny conviction" lacked merit and that his "claim is not constitutional and does not rise to the level of a miscarriage of justice").

Accordingly, it is ORDERED that Petitioner's motions to vacate are DENIED. It is further ORDERED that Petitioner is not entitled to a certificate of appealability as to Ground 1, and therefore not entitled to appeal *in forma pauperis*.

DONE this February 11, 2014.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE